## MISSOURI, K. & T. RY. CO. OF TEXAS v. DENAHY.

(Court of Civil Appeals of Texas. Dallas.
March 28, 1914. Rehearing Denied
April 18, 1914.)

1. COMMERCE (§ 27*) — RAILROADS — FEDERAL EMPLOYERS' LIABILITY ACT.

An employé engaged in repairing in railroad shops a car which had been and which was intended to be used indiscriminately in interstate and intrastate commerce is within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

2. MASTER AND SERVANT (§ 297*)—INJURY TO SERVANT—SPECIAL VERDICT.

In an action for injuries to an employé, a finding that the employer used ordinary care to adopt reasonably safe methods, and a finding that the employer was negligent in failing to use ordinary care to adopt a reasonably safe method to do the work, were contradictory and did not justify a judgment for the employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1195–1198; Dec. Dig. § 297.*]

3. TRIAL (§ 350*)—ISSUES TO BE SUBMITTED—INJURY TO SERVANT—NEGLIGENCE.

Where, in an action for injuries to a car repairer by metal flying off the chisel and hammer used in cutting bolts, the negligence relied on was failure to exercise ordinary care to adopt a reasonably safe method of doing the work, to furnish a reasonably safe place, and to provide reasonably safe appliances, and the employer relied on the fact that the employé was experienced and knew the dangers and assumed the risks, the court should submit the issues whether in doing the work the employés chose the method they would use and whether the injury was the result of an accident, and charge that an accident was a thing occurring without fault of any one, and that if neither the employer nor employé was negligent the jury must answer the issues affirmatively.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. § 350.*]

Appeal from District Court, Grayson County; W. J. Mathis, Judge.

Action by D. B. Denahy against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

A. S. Coke and A. H. McKnight, both of Dallas, and Head, Smith, Maxey & Head, of Sherman, for appellant. Freeman & Batsell, of Sherman, and E. J. Smith, of Denison, for appellee.

RAINEY, C. J. Appellee being in appellant's service, and while repairing a box car with the use of chisel and hammer in cutting bolts, and being assisted by another employé, had one eye injured by a small piece of metal flying off of the chisel and hammer when the chisel was struck by the hammer, striking him in the eye. He sues to recover damages of appellant, alleging negligence on defendant's part in this, to wit: "(1) In failing to exercise ordinary care to adopt and cause to be used a reasonably safe manner and method of doing the work upon which plaintiff was engaged. (2) In failing to exercise ordinary care to furnish plaintiff a reasonably safe place in which to do this work. (3) In failing to provide and cause to be used suitable, proper, and reasonably safe tools and appliances for the work upon which plaintiff was engaged, and especially for the purpose of cutting off said bolts. (4) In furnishing and permitting to be used in such work a hammer and chisel which were defective and dangerous, not properly tempered, and which were battered, chipped, shivered, clivered, cracked, and in condition to throw off particles of metal with great force when struck against hard substances in the manner of their ordinary intended use, and in the manner in which they were being used. That said acts of negligence, and each of them, were the direct and proximate cause of plaintiff's injuries, and such defects and dangers therefrom were well known to defendant, or would have been known to it by the use of ordinary care and were unknown to plaintiff, or if known to him the defendant was not relieved from liability thereby because a person of ordinary prudence, situated as plaintiff was, would have continued in the service of the defendant with such knowledge." Defendant answered by general denial and specially that the car upon which plaintiff was working had been indiscriminately used in hauling interstate traffic; that the last traffic hauled by said car before the injury, and the first hauled after its repair, was interstate traffic, etc.; that plaintiff's cause of action, if any he has, is one controlled by the act of Congress known as the "Employers' Liability Act"; that plaintiff was an experienced car repairer and knew the kind and character of tools which were being used, etc., knew all the dangers incident thereto, and assumed all the risks arising therefrom; that the cutting of bolts with hammer and chisel in the manner used by plaintiff was one adopted by railroads generally and is a proper method, and the injury sustained by plaintiff was one brought about by his own negligence. The trial resulted in a verdict and judgment for plaintiff, and appellant prosecutes this appeal.

[1] The case was submitted to the jury on special issues, and one of the issues was: "Was the car which plaintiff was repairing, at the time just before or just after he claims to have been injured, one which was then being used or intended to be used indiscriminately in hauling freight having its origin in one state and its destination in another and freight having its origin and destination in the same state?" Appellant complains of this question as being too restricted, in that it confines the jury to the use of the car to just before and just after the injury. The car had been idle in the shop some time be-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

fore plaintiff was hurt, and during the time it was in the shop it was not used for either interstate or intrastate shipment, as it was there for repairs; but the character of its use should have been determined from the time before it was placed in the shop and its use after it was repaired. The court erred in the particular stated, and should have submitted the issue in the manner requested by appellant as follow: "Question 1. Was the car which plaintiff was repairing at the time he was injured one which prior to his injury had been and was to be used indiscriminately in hauling freight having its origin in one state and its destination in another, and freight having its origin and its destination in the same state?" We think that the evidence shows that plaintiff was engaged in work pertaining to interstate commerce, and on another trial it would be well for the trial court to try the case under the act of Congress known as the "Employers' Liability Act."

[2] The answers of the jury to the sixth and eighth questions propounded by the court were contradictory, in that they said that defendant used ordinary care to adopt reasonably safe method and manner of doing the work in which plaintiff was engaged, and also in saying defendant was negligent in failing to use ordinary care to adopt a reasonably safe manner and method to do the work. From these answers it cannot be told whether defendant was negligent or had used care.

[3] The court erred in not submitting the following issue requested by defendant, viz.: "Question 1. Were the bolt clippers in repair and condition for use at the time plaintiff was injured? You will answer the above question from a preponderance of the evidence. If you believe from a preponderance of the evidence that the clippers were in proper repair for use when the plaintiff was injured, you will answer the above question in the affirmative." The court should have submitted the following issues requested by the defendant, viz.: "Question No. 1. In doing the work of repairing the cars in defendant's shops, did the employés, car repairers, choose the method they would use in cutting bolts?" And also in failing to submit the following, viz.: "Question 1. Was the injury to the plaintiff the result of an accident? In connection with your answering the above question, you are instructed that an 'accident' is a thing that occurs without fault of any person. If you find that neither the defendant nor plaintiff was negligent in such manner as directly caused plaintiff to be injured, you will answer the above question 'yes.'" These last two issues were pertinent, and their submission was called for by the evidence.

The judgment is reversed and cause remanded.