## C. H. Holman v. The State.

### No. 6984.   Decided June 14, 1922.

### Rehearing Denied October 11, 1922.

**1.—Manslaughter—Husband and Wife—Res Gestae—Rule Stated.**

*Res gestae* can never go beyond the facts of the transaction as they spontaneously express themselves thru the agency of the acts or declarations of some participant in such transaction, and in the instant case most of the conversation had between defendant's wife and certain officers about twenty minutes after the shooting of deceased was not *res gestae* and therefore inadmissible.

**2.—Same—Res Gestae—Rule Stated—Narration of Past Events.**

To make admissible any statement or act occurring after the transaction has ended, it must be shown by the party offering such statement, or by the facts in evidence, that the party so speaking or acting was so affected or is so affected by the transaction as to render likely the spontaneity of the utterance or act, offered, and to exclude the idea that same was or is a mere narration of past events. Following Cook v. State, 22 Texas Crim. App., 525, and other cases.

**3.—Same—Justifiable Homicide—Husband and Wife—Rule Stated—Charge of Court.**

The trial court did not err in refusing to charge the jury that defendant should be acquitted if he reasonably believed that his wife and deceased were about to engage in adulterous intercourse, as it is not within the contemplation of Article 1102, Penal Code, which justifies a homicide by the husband when the deceased is taken in the act of adultery with his wife, if such killing take place before the parties separate, etc., when the testimony only shows that the wife of defendant and deceased was seen together in a public street, or place.

**4.—Same—Rehearing—Words and Phrases—Justifiable Homicide.**
The word "justification" should have been used instead of the word "self-defense" in the court's original opinion, and this correction is therefore made; however, this court adheres to the proposition that evidence in the instant case is not of such cogency to bring in operation Article 1102,

P. C., and there was therefore no error in the court's failure to charge thereon.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Moore & Smith,* and *L. A. Dale,* for appellant.—On question of justifiable homicide; Gregory v. State, 50 Texas Crim. Rep., 73; Morrison v. State, 39 id., 522; Giles v. State, 43 id., 561; Richards v. State, 53 id., 400.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of El Paso County of manslaughter, and his punishment fixed at two years in the penitentiary.

By his bills of exceptions appellant complains of the admission of a conversation had been between his wife and certain officers at the city hall in El Paso about twenty minutes after the shooting of deceased on the occasion in question. There is no qualification of the trial judge to these bills of exception, nor any statement on any of them as to the ground of the supposed admissibility of this evidence. The objections were that said testimony was hearsay, and not in the presence of appellant; that same was a violation of the rule inhibiting the wife testifying against her husband; that it was hurtful as injectin the theory of cruel treatment of his wife on the part of appellant. Our presumption is that this testimony was admitted as *res gestae.* Part of same was inadmissible beyond question. *Res gestae* can never go beyond the facts of the transaction as they spontaneously express themselves through the agency of the acts or declarations of some participant in such transaction. Narration of past events, not so connected with such transaction as to illumine same, is not *res gestae.* Expressions of personal feelings and opinions, when other than the reflection of the acts or conduct of a party to the offense, would not seem ordinarily to be admissible. To make admissible any statement or act occurring after the transaction has ended it must be shown by the party offering such testimony, or by the facts in evidence, that the party so speaking or acting was so affected, or is so affected, by the transaction as to render likely the spontaneity of the utterance or act offered, and to exclude the idea that same was or is a mere narration of past events. We do not think the fact that the utterance or act is that of the wife of the accused, would make it inadmissible. Cook v. State, 22 Texas Crim. App., 525; Robbins v. State, 73 Texas

Crim. Rep., 367, 165 S. W. Rep., 529; Thompson v. State, 77 Texas Crim. Rep., 417, 178 S. W. Rep., 1195.

In the instant case we observe that the only fact shown as establishing a predicate for the introduction of this testimony is that the woman was crying when the officers saw her at the city hall twenty minutes after the shooting. When did she begin crying? Was her crying the result of excitement caused by the shooting, or was it because she was sorrowing over the death of the man with whom she was? Where had she been in the interim? What had been her conduct and situation since the shooting? These facts are not shown. Twenty minutes is not time sufficient to justify the exclusion of a statement claimed to be res gestae, if the condition of excitement had been continuous from the shooting, but the fact of crying at a point of time twenty minutes afterward, unaccompanied by other evidence as to mental condition then and theretofore, would not suffice to establish a predicate for the admission of a then made statement as res gestae. That part of said conversation relating to the fact of the complaints to the officers made by said woman, as well as the explanatory statement made by one officer to his brother officer, that she had been complaining to him for three or four months,— would be inadmissible and hurtful to appellant and could not be taken as these expression of any part of said transaction speaking through the woman. Nor would her statement that "she thought it was going to be her," or that "she knew there was going to be trouble." Her thoughts and fears were but those of one not a party to the killing. This is also true of her expression of sympathy with deceased and vindictiveness against appellant as contained in her statement to the effect "Why was that poor man killed, he was innocent," and the further statement regarding her husband, "Why wasn't that s—of—a—b— killed himself." Insofar as the statements of this woman confined themselves to the facts surrounding the shooting, we believe same admissible as res gestae if a proper predicate be laid.

The complaints set forth in bills of exceptions Nos. 3 and 4 of the supposed res gestae statement of Mrs. Holman, contains other inadmissible matters stated in said conversation. What she said of her separation from appellant, and as to his being a pimp, and that he had made her life miserable, was clearly not the homicidal transaction speaking through her mouth, and was not admissible as part of the res gestae.

What we have said in a measure applies to the matters complained of in bill of exceptions No. 6. The fact that the wife of appellant for months prior to this homicide had made repeated complaints to the officers of appellant's treatment of her, was certainly not admissible as res gestae, and did not shed light on any legitimate issue in the case, and was further objectionable as obnoxious to the rule for-

bidding the wife to testify against her husband save in certain excepted cases, within which exceptions this case does not come.

The homicide took place at the entrance to a hotel. Appellant swore that he saw his wife and a man in a car on the street and believed her to be sitting in the lap of said man. That he followed them to this hotel and found them in the act of entering same and demanded an explanation, that his wife ran, and that he thought deceased was in the act of making an attack upon him, and he drew his pistol and fired in self-defense. We do not think the trial court erred in refusing to charge the jury that appellant should be acquitted if he reasonably believed that his wife and deceased were about to engage in adulterous intercourse in said hotel, or that they had engaged in such act in said car. It is not within the contemplation of Article 1102 of our Penal Code, which justifies a homicide by the husband when the deceased is taken in the act of adultery with his wife, if such killing take place before the parties separate,—that one may plead self-defense for a homicide upon such ground, when the testimony raising the issue goes no further than to place the wife and the deceased together in a public street, or in a public car on the street. We cannot sanction the proposition that one may be justifiably killed under the authority of Article 1102, *supra,* in whose lap appellant saw his wife sitting in such car prior to the time-the parties alighted from said car. Appellant attempted to show the reputation of the hotel toward which said parties were going, and that he thought they were about to go to said hotel for the purpose of immorally staying together. We believe the charges mentioned demanded evidence stronger than this to require their submission.

For the reasons mentioned, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

October, 11, 1922.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant complains of the part of the opinion in these words:

"It is not within the contemplation of Article 1102 of our Penal Code, which justifies a homicide by the husband when the deceased is taken in the act of adultery with his wife, if such killing take place before the parties separate—that one may plead self-defense for a homicide upon such ground, when the testimony raising the issue goes no further than to place the wife and the deceased together in a public street, or in a public car on the street. We cannot sanction the proposition that one may be justifiably killed under the authority

of Art. 1102, *supra,* in whose lap appellant saw his wife sitting in such car prior to the time the parties alighted from said car.''

Stress is laid on the use of the word ''self-defense.'' The word ''justification'' should have been incorporated. This correction has been made in the original opinion. We adhere to the proposition that the evidence in the instant case is not of such cogency to bring into operation Article 1102 of our Penal Code, which provides:

''Homicide is justifiable when committed by the husband upon the person of any one taken in the act of adultery with his wife; provided, the killing take place before the parties to the act of adultery have separated.''

No departure is implied from the decisions heretofore rendered in which it is stated, in substance, that the statute may be brought into operation by reasonable appearances, viewed from the standpoint of the accused. Price v. State, 18 Tex. Crim. App., 474; Massie v. State, 30 Texas Crim. Rep., 64; Morrison v. State, 39 Texas Crim. Rep., 519; Dewberry v. State, 74 S. W. Rep., 307.

The motion for rehearing is overruled.

*Overruled.*