L. O. Tarrant v. The State.

No. 12951.   Delivered January 29, 1930.
Rehearing denied State March 19, 1930.
Reported in 25 S. W. (2d) 836.

The opinion states the case.

*J. Meek Hawkins, E. H. Cavin, Jonas Kizer,* and *Berry, Berry & Smith,* all of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty. of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for ten years.

Deceased, his brother E. F. Bryan, and appellant's wife were in the apartment of one Reglin when appellant broke the glass in the door, walked in and shot deceased. Appellant's wife had gone to this apartment on several occasions prior to the homicide. Upon this fact being called to appellant's attention, he requested Reglin not to let her in when she came to the apartment alone. Reglin had promised appellant to comply with his request. On the occasion of the homicide, deceased had come to Reglin's apartment, and had asked appellant's wife to meet him there. Shortly after her arrival, Reglin left the apartment, and deceased and appellant's wife were then alone. According to the testimony of appellant's wife, she and deceased were alone in the apartment for approximately two hours, during which time they engaged in an act of sexual intercourse. Later the brother of deceased came to the apartment and the parties drank intoxicating liquor. Appellant's version of the transaction was substantially as follows: His wife had promised to call for him at his place of business. Failing to comply with her promise, he rang his residence and was unable to get her on the 'phone. Seeing her automobile near Reglin's apartment, he approached the apartment at the same time Reglin was returning home. He asked Reglin if his (appellant's) wife was in his apartment. Reglin answered in the negative and endeavored to get appellant to leave the apartment with him. Appellant rang the door-bell in an effort to gain entrance. Although he heard parties moving around in the apartment, no one responded to his call. He broke the glass in the door and entered. When he entered, his wife who was standing near a door over which a curtain was hanging ran into another room. At the same time deceased came out of a bed-room in his trousers and undershirt, with his shirt in his hand. Appellant said to deceased: "Tom I did not think you would do me this way." Deceased replied: "It is not all my fault." At this point we quote appellant's testimony as follows:

"I shot him because when I had seen the condition of the room, seen the man partly dressed and I had rung the 'phone and had rung the bell and everything and could not get any response, and my wife ran out of the room, I realized there was something wrong and I shot." There was evidence that deceased had on other occasions had sexual intercourse with appellant's wife. It is not shown that appellant knew of such fact.

Appellant timely and properly excepted to the failure of the court to charge the provisions of Art. 1220, Penal Code. We quote said article as follows:

"Homicide is justifiable when committed by the husband upon one taken in the act of adultery with the wife, provided the killing take place before the parties to the act have separated. Such circumstance cannot justify a homicide where it appears that there has been, on the part of the husband, any connivance in or assent to the adulterous connection."

We think it clear from the testimony in this case, viewing all the surrounding circumstances, that the issue is raised that appellant reasonably believed at the time of the killing that deceased and his wife had been engaged in illicit intercourse, and that the facts testified to by appellant, if true, would reasonably justify such belief. According to appellant's version, he had to break into the apartment; his wife ran from the room as he entered; and deceased came out of the bed-room with his shirt off and carrying it in his hand. Being reproached by appellant, he declared that the fault was not all his. Again, appellant had searched for his wife and when he found her, according to his version, he had to break into the apartment. Gregory v. State, 94 S. W. 1041; Holman v. State, 92 Tex. Cr. R. 364.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is the state's contention that the evidence fails to raise the issue calling into operation Art. 1220 of the Penal Code. To satisfy ourselves upon that point we have carefully re-examined the entire statement of facts. To write further

regarding the matter would only involve stating more in detail the evidence upon which was based the conclusion reached and stated in our original opinion. We deem this unnecessary as our views regarding the matter remain unchanged.

The state's motion for rehearing is overruled.

*Overruled.*